Smith *v.* Sayward & als.

SMITH *vs.* SAYWARD & ALS.

Where one was employed as the agent of certain others, to purchase for them a piece of land, and take the conveyance to himself, concealing his principals ; and a third person, at the request of the principals, became surety for the agent in a promissory note for the purchase money ; which note the surety paid ;—it was *held* that the surety alone might have *assumpsit* against the principals, for the money thus paid.

*Held also*, that this was an original undertaking, and not within the statute of frauds.

*Held also*, that the benefit accruing to the principals was a sufficient consideration to support the promise.

This was an action of *assumpsit* brought by *Archibald Smith*, Jr. to recover the amount of certain monies laid out and expended for the defendants. The facts in the case, and the points raised in the argument, are clearly stated in the opinion of the court, which was read as drawn up by

PARRIS J. The defendants, being tenants in common of certain

certain real estate with one *Ayer*, whose share they were desirous of purchasing, employed one *Daniel Smith* to contract in their behalf with *Ayer*, for the purchase of said property ; and under an apprehension that *Ayer* would not sell to them, or to any person known to be employed by them, requested that the negotiation with *Ayer* should be carried on by *Daniel Smith*, in his own name, and with all the appearances of a real purchaser. On the completion of the bargain with *Ayer*, promissory notes were to be given for the purchase money, with some responsible person as surety. The defendants procured the plaintiff to sign in that character. Deeds were executed by *Ayer* to *Daniel Smith*, and the consideration was secured by notes signed by said *Smith* as principal, and the plaintiff as surety ; and thereupon other deeds were immediately written, and executed by *Daniel Smith*, by direction of the defendants, conveying the same property to them, and were ready for delivery upon the defendants securing the said *Daniel* and the plaintiff for their liability thus incurred. One of these notes having been paid by the plaintiff, he now brings his action in *assumpsit* to recover of the defendants the amount thus paid for them and to their use.

At the trial, the principal question of fact was, whether *Daniel Smith*, in his negotiation with *Ayer*, acted for himself, or as the agent and in behalf of the defendants ; and upon this point the jury were instructed, that if they believed he was acting merely as the agent or instrument of the defendants, they would find for the plaintiff ; but if, from the evidence, they believed that he was making and conducting a bargain for himself, although with the intention of transferring that bargain to the defendants, they would find for the defendants. The verdict being for the plaintiff, the jury have settled the fact that *Daniel Smith* was the agent of the defendants, and acted as such in making the purchase ; and the case finds that he did not, either as principal or agent, request the plaintiff to become surety ; but that the surety was procured by the defendants. The question then is, whether they are accountable to the plaintiff for having become surety for their agent, and at their request.

To the first point made in the defence, that the action should have been brought jointly by the plaintiff and *Daniel*, it is a sufficient an-

64

Smith *v.* Sayward & als.

swer that the latter has suffered no injury. Where a person has laid out and expended his own money for the use of another, at his request, the law implies a promise of repayment, and an action will lie on this *assumpsit.* But *Daniel* has neither paid nor been called upon to pay any thing. He was the mere agent of the defendants, employed by them as such, and placed in their stead. There was no joint promise to him and the plaintiff; he has expended no money for the defendants; and, of course, has no right of action against them. Even if he had, as their agent, paid money for their use and benefit, he could not recover it in a joint action with the plaintiff, unless the consideration had been joint. *Bell v. Chaplain, Hardr.* 321 ; or unless the payment had been made from a joint fund, or raised on joint credit. *Osborn v. Harper* 5. *East* 225. *Graham v. Robertson* 2. *D. & E.* 282. ,

Where different persons have distinct and separate claims, though standing in the same relative situation, or where their legal interests are several, if there be no express contract with them jointly, they must enforce their claims by several suits. 1. *Chitty on Pl.* 8. As if there be two persons, and each of them advance money for a third, they cannot maintain a joint action, but each must sue severally. *Birkley v. Presgrave* 1. *East* 220. *Brand v. Boulcott* 3. *Bos. & Pul.* 235. The plaintiff has advanced money for the defendants, inasmuch as he has done it to discharge his liability, incurred at their request and for their benefit, and of course under an implied promise of indemnity ; 3. *Bl. Com.* 163 ; and unless relieved from that promise, as contended by the counsel, they are bound in law to save him harmless.

But it is contended that the agreement or promise being merely verbal, is within the statute of frauds, and void, because for the debt of another. However hard such a construction of that statute would operate upon the plaintiff, who has been induced, by the defendants' representations, and for their benefit, to incur a liability for which he now seeks relief, and from which, in good faith, they ought to relieve him ; yet, if such be the law, public policy requires that it be executed.

Was this a " special promise to answer for the debt or default of another," within the meaning of the statute ? In *Perley v. Spring* 12.

Smith v. Sayward & als.

*Mass.* 297. the plaintiff was induced to become surety for a debtor in prison, upon the promise of the defendant to indemnify him. Having been obliged to pay a considerable sum of money in consequence of his suretyship, he called upon the defendant to perform his promise. The same objection was raised in that case, as in this, that the promise not being in writing, was void. But the court held that it was not a case within the statute; that it was an original and not a collateral promise. In *Harrison v. Sawtel,* 10. *Johns.* 242. *Sawtel* being bound to indemnify one *Foot* in a certain suit in which he was arrested, requested *Harrison* to become special bail for *Foot,* and promised to indemnify him. *Harrison* suffered in consequence of his suretyship; and on bringing his action for indemnity, was met with the same defence as is raised in the case at bar; but the court say " this was not a promise to pay the debt or answer for the default of another person. It was an original promise between the parties to it, that one of them would indemnify the other, if he would become special bail for a third person, whom the defendant was bound to protect and save harmless in the suit. It was done at the request and for the benefit of the defendant, as it saved him from becoming bail himself or procuring some other person to become bail. The case had nothing to do with the statute of frauds, and there was a consideration for the promise, the advantage resulting to the defendant from the plaintiff's becoming bail." So, in the case under consideration, the defendants were exclusively interested in the bargain with *Ayer.* It was conceived and perfected for their benefit. To effect its completion, it became necessary to procure a surety. That surety was procured by them, " at their request and for their benefit. It saved them from becoming sureties themselves or procuring some other person to become such;" and it enabled them, through their agent, to effect a desirable object, which they could not accomplish in their own names. The benefit resulting to the defendants from the plaintiff's suretyship, was a sufficient consideration for any promise of indemnity. In the language of the law, it was a consideration moving to the party making the promise, from the party to whom it was made, and the promise raised upon that consideration was not, as contended by the defendants' counsel, to pay the debt or answer for the default

of a third person, but it was to indemnify and save the plaintiff harmless for performing a beneficial service for them and at their request; to save him harmless in case he should be compelled, as he has been, to pay their debt contracted by their agent. *Thompson v. Linscott,* 2 *Greenl.* 190.

Neither can the promise be avoided as relating to the purchase of real estate. Between the parties in this suit, there was no " contract for the sale of real estate, or any interest in or concerning the same." The use to which the defendants applied the notes, did not affect the plaintiff's liability as surety, neither could it affect his claim upon them for indemnity. He had become legally liable at the defendants' request; they were benefited by that liability, and they either expressly promised indemnity, or the law raised that promise for them. In either case, the promise is not affected by the statute of frauds.

We are all of opinion that the instruction to the jury was correct, and that there must be          *Judgment on the verdict.*

*J. Holmes* and *D. Goodenow* for the plaintiff.

*J.* and *E. Shepley* for the defendants.